**Thomas Joseph BRIDGES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40840.**

Court of Criminal Appeals of Texas.

Dec. 6, 1967.

Rehearing Denied Jan. 24, 1968.

S. John Odom, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The appeal is from a misdemeanor conviction for the offense of driving a motor vehicle upon a public highway while intoxicated.

Trial was before a jury on a plea of not guilty and the jury found appellant guilty and assessed his punishment at one year in jail and a fine of $200.

The case was tried on October 25, 1966. The record on appeal, approved by the trial judge on February 9, 1967, contains no transcript of the evidence and no formal bill of exception. It does contain a requested charge which the court refused.

The refusal of such requested charge is relied on in support of the ground of error which complains that "the trial court erred in refusing the appellant a bifurcated trial on a plea of not guilty to a jury in a misdemeanor case in accordance with Art. 37.07 C.C.P. and Art. 36.01 C.C.P."

Art. 36.15 Vernon's Ann.C.C.P. provides that the defendant may, by a special requested instruction, call the court's attention to error in the charge, as well as omissions

therefrom, and no other exception or objection to the court's charge shall be necessary to preserve any error "reflected by any special requested instruction which the trial court refuses."

 We find nothing in the requested charge which was not included in the charge which was read to the jury. Had it been incorporated in the court's main charge pursuant to Art. 36.15, supra, it would have been but a repetition of a portion of the charge other than that relating to the assessment of punishment.

 It is well settled that failure of the trial court to give instructions covered in the main charge is not error. Numerous cases so holding are listed under Art. 36.15, Notes 78 to 87 inclusive, V.A.C.C.P.

The special requested charge asked only that such charge be given. It did not in any way call the trial court's attention to any error or omission in the charge originally drafted nor did it indicate appellant's desire for a bifurcated trial. Further, it did not request that such charge be given in lieu of any portion of the court's original charge. Even if it had been given, repetitious as it was, it would not have resulted in a bifurcated trial.

Art. 37.07, supra, has been amended since this case was tried. It was construed by this court in Rojas v. State, Tex.Cr.App., 404 S.W.2d 30, and held not to apply where the plea of guilty was entered in an ordinary felony case or in capital cases where the plea was not guilty and the state was seeking the death penalty. Jones v. State, Tex.Cr.App., 416 S.W.2d 412; Williams v. State, Tex.Cr.App., 415 S.W.2d 917.

The Attorney General's Opinion C–587, dated January 25, 1966, concluded that the terms and provisions of Art. 37.07 of the 1965 Code, relating to the return of a verdict and the assessment of punishment, applied to misdemeanor cases tried by a jury in the county courts.

Both the Attorney General's Opinion and the opinions of this court in the cases above mentioned pointed out the difficulties and necessity of construing Art. 37.07, supra. All of these have now been removed by the 1967 amendment.

No injury by reason of a single trial and verdict is shown.

By motion filed in this court November 15, 1967, appellant seeks to have this court direct the district clerk to transmit the statement of facts which was not prepared, approved, or designated to be made a part of the record on appeal prior to the approval of such record by the trial judge on February 9, 1967.

Art. 40.09(2) V.A.C.C.P. expressly provides that failure of the clerk to include designated matter not requested within the time allowed is not ground for complaint on appeal.

The judgment is affirmed.