**Catherine Ann RAWLS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42359.

Court of Criminal Appeals of Texas.

Nov. 26, 1969.

Rehearing Denied Jan. 28, 1970.

Nelson Quinn, Abilene, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for the possession of marijuana; the punishment, three years.

Appellant made an application for probation and entered a plea of guilty before the court without a jury.

Appellant challenges the sufficiency of the evidence, because it was not shown how much marijuana she possessed. In addition to stipulated testimony, appellant testified that she got a quantity of marijuana from one Kouri of Phoenix for a boy named Robert Heddon whom she had met at an NCO Club and who had asked her to get it for him, but she was apprehended while she had it in her possession and before she could deliver it.

The testimony of appellant was a judicial confession, Alvarez v. State, Tex. Cr.App., 374 S.W.2d 890; McCormick & Ray, Texas Law of Evidence, Vol. 2, Sec. 1223, and is sufficient to support the conviction.

Reliance is placed upon Pelham v. State, 164 Tex.Cr.R. 226, 298 S.W.2d 171, which held that " * * * unless the amount of marijuana possessed is such as is capable of being applied to the use commonly made thereof, it does not constitute marijuana within the meaning of the statute." In that case there was an infinitesimal amount of marijuana and could only be distinguished by microscopic examination.

The judicial confession in the present case shows that appellant obtained the marijuana to deliver it to another person. There is no showing that this was an infinitesimal amount as was done in Pelham or that it could not be applied to the use commonly made thereof.

The judicial confession of appellant that she possessed a quantity of marijuana is sufficient in the absence of a showing that the amount was so small that it was not capable of being applied to the use commonly made thereof.

The judgment is affirmed.