**Rubin V. ESTRADA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44895.

Court of Criminal Appeals of Texas.

April 19, 1972.

Stuart Kinard, San Antonio, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Vic Pecorino, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, eleven (11) years.

The record reflects that uniformed officers, Culver and Babic, answered a disturbance call at the appellant's residence at 2:30 A.M. on the day in question. Appellant refused to respond to the knock on his door and the officers left. Shortly thereafter, they observed the appellant staggering around the parking lot adjacent to his apartment. Officer Culver testified that as he and Babic approached Estrada, he started up the stairs toward his apartment and they followed, telling him that they wanted to talk to him, until he whirled around, displayed a pistol and shouted "hold it you m . . . . . f . . . . ." At this point, they ran back down the stairs, took cover and unsuccessfully attempted to persuade him to put down his firearm while the appellant waved the pistol back and forth and shouted, "I'll shoot you." Culver stated that when other officers arrived he was able to reach a vantage point behind a patrol car and when he looked up from behind it he observed a flash from a gun and then felt something graze his pants leg.

Testifying in his own behalf, the appellant gave a different version of the events but admitted he shot his gun and that he knew there were policemen present.[1]

The testimony in this case, viewed in a light most favorable to the State, removes it from the rule expressed in the cases relied upon by appellant where there was no evidence that the accused intended to shoot at the injured party or reasonably expected to hit him. The officers were at the appellant's residence in the line of duty. The shooting occurred at close range and the fire aimed at persons appellant recognized as police officers. We, therefore, conclude, as we did in Dominguez v. State,

1. The Defendant testified: "Then I saw two cops walking up, and I believe they were the ones, so I shot at them."

Tex.Cr.App., 445 S.W.2d 729, wherein we quoted from Tapley v. State, 158 Tex.Cr.R. 495, 256 S.W.2d 583, that:

"To say that even though the accused pointed a deadly weapon directly at the injured party and fired the same, but that in doing so did not intend to kill, would be bordering on an absurdity."

See also Stone v. State, Tex.Cr.App., 452 S.W.2d 474.

Appellant's second ground of error is that the court erred in refusing to grant his specially requested charge on self-defense. There is a serious question as to whether the issue of self-defense was raised by the evidence. However, we find that the trial court's charge is substantially the same as the requested charge and substantially the same as the one set forth in Willson's Criminal Forms, Seventh Edition, Sections 3591, 3534, and that no error is presented by the court's action in refusing to give the requested charge.

Finding no reversible error, the judgment is affirmed.