**Ramon ARANDA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47441.**

Court of Criminal Appeals of Texas.

March 6, 1974.

Rehearing Denied March 27, 1974.

Garland G. Wier, San Antonio, for appellant.

Ted Butler, Dist. Atty., Fred Rodriguez, David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of marihuana, under an indictment alleging a prior conviction for the possession of heroin. See Article 725b, Vernon's Ann.P.C. Punishment was assessed by the jury at forty-five years.

At the outset appellant challenges the sufficiency of the evidence, contending that the evidence showed that Eulalia Aranda had the care, control and management of the marihuana.

■ Eulalia Aranda, grandmother of appellant, testified that on the Friday prior to Sunday, February 27, 1972, appellant came to her apartment located on Frio Street in San Antonio and asked to place a cardboard box behind a chest of drawers. Appellant told Mrs. Aranda that she was not to tell anybody that the box was there and that he would return for it on Sunday. Mrs. Aranda called the police on Saturday. A surveillance was set up, resulting in the arrest of appellant when he came to his grandmother's apartment on Sunday morning, February 27, 1972. Describing the arrest, Officer Cuellar stated that he and Officer Doyal were standing behind the door in the kitchen when "He [appellant] went to the wardrobe and leaned behind it, placed his hand behind. I saw him straighten up and turn around, and as he did, we stepped out and arrested him." Cuellar testified that a box behind the wardrobe was found to contain "79 bricks of marihuana.[1]" Appellant's written statement recites that on the occasion in question he went to his grandmother's house to check on a large box containing marihuana bricks that he was keeping "for another guy, whose name I don't want to mention," and that he had previously hidden the box behind the wardrobe and told his grandmother that the box contained clothes. A review of the evidence reflects that the State has discharged its burden of proving (1) that the accused exercised actual care, control and management over the contraband (either singularly or jointly) and (2) that he knew the object which he possessed was contraband. Simpson v. State, Tex.Cr.App., 486 S.W.2d 807; Valdez v. State, Tex.Cr.App., 481 S.W.2d 904; Ramos v. State, Tex.Cr.App., 478 S.W.2d 102. Appellant's confession, coupled with the testimony of his grandmother, places appellant in possession of the contraband and reflects that he knew that the same was marihuana.

We find the evidence sufficient to support the conviction.

■ Appellant contends the court erred in overruling his motion to quash, since the

---

1. The record contains testimony that a brick of marihuana ranges in weight from one to two pounds.

indictment was drawn under Article 62, V. A.P.C., and conviction was had under Article 725b, V.A.P.C.

In Gomez v. State, 162 Tex.Cr.R. 30, 280 S.W.2d 278, this court said:

"In determining whether or not the indictment supports the conviction the material inquiry is not whether the allegations are appropriate in charging the violation of some other statute, but whether the indictment contains the allegations necessary to show the commission of the offense which is submitted to the jury and for which he is convicted.

"The same rule applies to allegations of the indictment made for the purpose of securing an enhanced punishment.

"The question, therefore, is not whether the allegations of the indictment are appropriate to Art. 62, P.C., but whether they are sufficient to sustain a conviction for violation of Art. 725, V.A.P.C., with the enhanced punishment for a second conviction as provided in section 23 of the act as amended."

This court has held that a prior conviction for violation of the Narcotic Drug Act is not available for use to enhance the punishment under either Article 62 or 63, V.A.P.C., for a subsequent violation of the Act, because of the special enhancement provisions of Article 725b, Section 23(1), V.A.P.C. See Heredia v. State, Tex.Cr. App., 468 S.W.2d 833 and numerous cases cited therein.

In the instant case, the indictment made no reference to the Narcotic Drug Act, but alleged the prior conviction of appellant on or about the 2nd day of April, 1970, for the possession of heroin, setting out the cause number, the style of the case and the court wherein the conviction occurred. The requirement that the indictment inform the accused of the basis for the State's claim of enhancement of punish-

ment has been met. As in Gomez v. State, supra, the allegation of a prior conviction is sufficient to support punishment under Article 725b, Section 23, VA.P.C.

■ Appellant contends that the court erred in not suppressing appellant's written confession.

Appellant argues that the statement was given only after a "threat" to "book" his girlfriend and after he made a demand to stop the interview.

The judge conducted a separate hearing on the confessions' voluntariness, in accordance with Article 38.22, Vernon's Ann.C.C.P. and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. Thereafter, he filed findings of fact and conclusions of law in which he concluded the confession was admissible. The court instructed the jury in its charge relative to the law on admissibility of confessions.

Officer Cuellar testified that he warned appellant of his rights at the time of the arrest and again when he took the confession from appellant. In addition, appellant's written confession contains warnings in accordance with Article 38.22, V.A.C.C. P. and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

Appellant testified[2] that he did not sign the statement until he was told that this was the only way that Estella would be turned loose.

Estella Aguilar, appellant's girfriend who was with him at the time of his arrest, testified that she was taken to the police station with appellant and that after Cuellar had talked to appellant in another room "about ten, fifteen minutes" Cuellar came to the center room where she was and said "that the defendant wouldn't make a statement" and to "book" her. She further testified that Cuellar returned to the other room with appellant and later

---

2. Appellant testified at the hearing on the motion to suppress, but did not testfiy at trial.

came out and stated, "Well, your boyfriend came out like a prince. You can go."

The foregoing testimony of appellant and Estella Aguilar was disputed by Officer Cuellar. The testimony of the officer further refutes the claim that appellant demanded that the interview cease.

■ The trier of the facts is free to believe the testimony of the State's witnesses and to disbelieve appellant's testimony in a hearing on voluntariness. Chivers v. State, Tex.Cr.App., 481 S.W.2d 125; Mitchell v. State, Tex.Cr.App., 466 S.W.2d 786.

In addition to the State's testimony contradicting appellant's claims, there is no showing of lengthy or incommunicado incarceration, physical or psychological abuse, or lack of mental capacity.

We find the evidence sufficient to support the finding that appellant's statement was voluntary and admissible.

■ Appellant contends the court erred in overruling his objection to the court's charge defining "possession" and in refusing to give his requested charge.

Appellant argues that the court's charge fails to instruct the jury in this case of the action that should be taken by the jury in the event that it found that appellant did not possess the marihuana.

The pertinent portion of the court's charge provided:

"I.

". . .

"By the term 'possession,' as used herein, is meant the care, custody, control and management of the item in question.

"II.

"You are further instructed that you cannot convict the defendant in this case unless you find from the evidence, beyond a reasonable doubt, that the substance introduced in evidence by the State contains marijuana, and unless you further find from the evidence, beyond a reasonable doubt, that the defendant, Ramon Aranda, did possess said substance on or about the 27th day of February, A.D. 1972; and if you have a reasonable doubt as to either of these two matters, you must resolve that doubt in favor of the defendant and say by your verdict 'not guilty.' "

Appellant's requested charge reads:

"You are instructed that by the term 'Possession' as used herein is meant the actual care, control and management of the property at the time in question. So if you find from the evidence, or if you have a reasonable doubt thereof, that at the time the offense is alleged to have occurred the said RAMON ARANDA did not have the actual care, control and management of the alleged marijuana, if it was, then you will find the defendant not guilty."

The definition of possession given by the court is identical to the one given in Garza v. State, Tex.Cr.App., 468 S.W.2d 440. See Collini v. State, Tex.Cr.App., 487 S.W.2d 132.

■ When the charge refused is substantially the same as that given by the court, no harm is shown. Estrada v. State, Tex.Cr.App., 479 S.W.2d 316; Bridges v. State, Tex.Cr.App., 422 S.W.2d 449.

■ Appellant contends that the court erred in not including a specific finding as to whether appellant caused the interrogation to cease in accordance with his request.

Appellant urges that it is error for a trial court not to make findings of fact and conclusions of law on voluntariness of confession when requested, citing Harris v. State, Tex.Cr.App., 465 S.W.2d 175; Treadway v. State, Tex.Cr.App., 437 S.W.2d 572; McIlwain v. State, Tex.Cr.App., 402 S.W.2d 916; Lopez v. State, Tex.Cr.

App., 384 S.W.2d 345. In the instant case, the court made extensive findings of fact and conclusions of law which reflected that the confession was taken in compliance with Article 38.22, V.A.C.C.P. and Miranda v. Arizona, supra, and concluded that appellant knowingly, intelligently and voluntarily waived his rights, and that said statement was made freely and voluntarily given.

The court's findings resolved the issues presented and were in sufficient compliance with Jackson v. Denno, supra, and Article 38.22, V.A.C.C.P. See Tuttle v. State, Tex.Cr.App., 410 S.W.2d 780 (on motion for rehearing); Ex parte Gomez, Tex.Cr.App., 389 S.W.2d 308.

No error is shown.

■ Appellant contends that the court erred in refusing to grant his requested charge that appellant's confession must be corroborated. When the body of the crime is· established by other evidence, as is true in the instant case, an instruction on corroboration is not necessary. Bayless v. State, Tex.Cr.App., 492 S.W.2d 588; Thomas v. State, Tex.Cr.App., 458 S.W.2d 817; Engledow v. State, Tex.Cr.App., 407 S.W.2d 789.

■ Appellant contends that the court erred in not giving a charge regarding exculpatory statements in the confession.

Appellant's written confession included the statement, "I was keeping the marijuana for another guy, whose name I don't want to mention . . . "

Appellant argues that the State, having introduced such statement, is bound to disprove it.

In Rawls v. State, Tex.Cr.App., 449 S.W.2d 57, appellant testified that she had obtained marihuana for delivery to another person. This court held that such statement amounted to a judicial confession and was sufficient to support a conviction for possession of marihuana.

Thus, the statement in question was inculpatory and does not meet the requirement that the assertion must exculpate the accused before such a charge is required. Simon v. State, Tex.Cr.App., 488 S.W.2d 439. Exculpatory means "clearing or tending to clear from alleged fault or guilt." Davis v. State, Tex.Cr.App., 474 S.W.2d 466. No error is shown in the court's refusing to charge on exculpatory statements.

■ Appellant contends that the court's charge on voluntariness of the confession was an abstract charge and not applicable to the facts of the case.

Appellant's requested charge requiring the jury to disregard the confession if the officers threatened to place Eulalia Aranda or Estella Aguilar in jail if appellant refused to make a confession.

The pertinent portion of the court's charge reads:

" . . .

"So, in this case, if you find from the evidence, or if you have a reasonable doubt thereof, that prior to the giving of the statement made by the defendant, if any, any officer threatened the defendant or used any improper influence on the defendant, and that the defendant, through fear or under duress or under any other improper influence was thereby induced to sign said statement, then such statement would not be voluntary, and in such case, you will wholly disregard the alleged confession or statement and not consider it for any purpose nor any evidence obtained as a result thereof."

The charge as given adequately protected the rights of appellant. See Williams v. State, Tex.Cr.App., 368 S.W.2d 207.

■ Appellant has filed with this record a "motion to review punishment under the Texas Controlled Substances Act," which recites that such motion was duly

presented to the trial court and overruled without a hearing while this appeal was pending.

It will suffice to quote from this court's opinion in Ex parte Giles, Tex.Cr.App., 502 S.W.2d 774, where it was stated:

"We cannot reach any other conclusion except that the Legislature exceeded its power in enacting Section 6.01(c) of the Texas Controlled Substances Act insofar as it relates to criminal action pending on appeal on its effective date since it is violative of Article IV, Sec. 11 of our Constitution. To hold otherwise would be to announce that the Legislature has the authority to invest trial courts with the power to grant commutation, etc., 'after conviction' upon written request, thus usurping the powers granted to the Governor nor by the Constitution."

The judgment is affirmed.

Opinion approved by the Court.