Sebero CRUZ, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 3-90-157-CR.

Court of Appeals of Texas,
Austin.

Nov. 27, 1991.

E.G. Morris, Smith, Morris & Florey, Austin, for appellant.

Ronald Earle, Dist. Atty. and Carl Bryan Case, Jr., Asst. Dist. Atty., Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

ABOUSSIE, Justice.

Appellant Sebero Cruz appeals his murder conviction for the beating death of Victor Pardo. Tex.Penal Code Ann. § 19.-02(a)(1) (1989). In two points of error Cruz challenges the sufficiency of the evidence to support his conviction and the trial court's refusal to instruct the jury that a person cannot be guilty of a crime by omission unless there is a statutory duty to act. We will affirm the conviction.

Sometime after 10:00 p.m. on Easter Sunday 1988, Victor Pardo left a dance at a south Austin night club. Pardo then walked to a nearby convenience store where he purchased a six-pack of beer and phoned for a cab. After a long wait the cab had not arrived; Pardo began to ask other customers for a ride home.

A little after midnight, Alfonso Gomez agreed to give Pardo a ride for a dollar. In the back seat of the car driven by Alfonso were Cruz, Mario Gomez, and Pardo. A "fat girl" identified as Eva Olivarez sat in the front with Alfonso.

According to Cruz's statement to police, on the way to Pardo's home Mario tried to grab one of Pardo's beers and the two began to fight. The driver parked the car off the road and pulled Pardo out of the car. Members of the group began kicking and beating him. Pardo cried and begged them not to hurt him. Olivarez stole Par-

do's gold necklace and wallet, and Mario emptied his pockets. The group then drove away and left the victim lying in the gravel by the side of the road, moaning and groaning in pain.

Pardo was discovered shortly thereafter by a passerby, who notified the police. He was unconscious and was bleeding from multiple trauma to his head and upper body. Travis County Emergency Medical Service took Pardo to a local hospital, where he died shortly after arrival.

Some time after midnight a hispanic male attempted to use Pardo's expired credit card to purchase gas at a convenience store. A few days later, convenience store attendant Sandra Farris read about Pardo's death in the newspaper and notified police of the incident. Farris identified Cruz from a photo line-up as the man who attempted to use Pardo's credit card.

Cruz was arrested for the offense of credit card abuse and for outstanding traffic warrants. In a written statement, Cruz related the events leading up to Pardo's murder, but he maintained that he remained in the car during the beating and did not participate. In fact, he maintains, he was all the while screaming to the assailants not to hurt the victim. Further, he stated that it was Alfonso who attempted to use the credit card to purchase gas.

In addition to this written statement made to police, Cruz made statements about the murder to friends. Cruz's neighbor, John Gutierrez, testified that in October or November of 1988, Cruz told him that "him and some friends of his, 'we blew some dude away'." Cruz also told another neighbor, Timothy Johnson, who happened to be Cruz's cellmate following his arrest, that on Easter Sunday he and some friends had started fighting with a man who walked by the car in which they were sitting and that they had really "f——ed the man up." Referring to the murder charge against him, Cruz told Johnson, "I did it. What am I going to do now? What are they going to do to me." Cruz also told Johnson about his attempt to use the stolen credit card and asked Johnson if there was

anyone in the jail who could cover his tattoo for him.

In a trial before a jury, Cruz was convicted of murder and sentenced to life imprisonment.

### Sufficiency of the Evidence

■ In his first point of error Cruz argues that the evidence is insufficient to support the conviction. The standard of review for a challenge to the sufficiency of the evidence is whether, viewing all the evidence in the light most favorable to the judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979).

Cruz was charged with intentional murder under section 19.02(a)(1) of the Texas Penal Code, which provides that a person commits an offense if he intentionally or knowingly causes the death of an individual. The court's charge also authorized the jury to convict if the jury found that Cruz, acting with the intent to promote or assist the commission of the offense, solicited, encouraged, directed, aided or attempted to aid another to commit the offense. *See* Tex.Penal Code Ann. § 7.02 (1974).

The primary issue on appeal is whether Cruz participated in the murder. Cruz argues that his written statement establishes that he was a mere bystander, and that he did not participate or in any way aid in the commission of the offense. This written statement is contradicted by Cruz's oral statements to Gutierrez—"we blew some dude away,"—and to Johnson—"I did it." The jury is free to disbelieve Cruz's version of the events. "Reconciliation of conflicts and contradictions in the evidence is within the province of the jury, and such conflicts will not call for reversal if there is enough credible testimony to support the conviction." *Bowden v. State*, 628 S.W.2d 782 (Tex.Crim.App.1982).

Cruz also argues that his statements to Gutierrez and Johnson indicate no more than an acknowledgment that the offense occurred. We disagree. The jury is free to believe that when Cruz said "we," he meant "we." Further, Cruz admitted to Johnson during a discussion of the murder charge against him and the events of that night, "I did it." Finally, while Cruz's attempt to use the victim's credit card within an hour or so after the murder is not proof of his participation, it seems inconsistent with his claim that he was an innocent bystander.

Viewing all the evidence in the light most favorable to the judgment, we conclude the evidence is sufficient to support the conviction. Cruz's first point of error is overruled.

### The Jury Charge

■ In his second point of error Cruz complains that the trial court erred in denying his requested jury instruction. Section 6.01(c) of the Texas Penal Code states that a person cannot be guilty of a crime by omission unless there is a statutory duty to act. Tex.Penal Code Ann. § 6.01(c) (1974). Cruz requested that the court instruct the jury in its charge:

A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession.

A person who omits to perform an act does not commit an offense unless a statute provides that the omission is an offense or otherwise provides that he has a duty to perform the act.

The court denied this requested instruction.

■ At trial, Cruz argued that his concern was that "the jurors might be confused by thinking that the defendant had some sort of duty to get out of the car . . . they might find him guilty, feel that's a wrongful act." Cruz has cited no case where the court's failure to give this instruction was held to be error. However, we need not consider whether the trial court's denial of the requested charge was error. Even if it was, an error in the charge calls for reversal only if it "'is calculated to injure the rights of defendant,' which means no more than that there must be *some* harm to the accused from the error." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (emphasis in original). Whether the error is harmful "must be assayed in light of the entire jury

charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and other relevant information revealed by the record of the trial as a whole." *Id.* The refusal of a requested instruction is not harmful to the defendant if the charge given adequately presents the proposed theory. *Thomas v. State,* 578 S.W.2d 691, 698 (Tex.Crim.App.1979).

The charge given adequately protected Cruz from a finding of guilt by omission. The court charged the jury:

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is responsible, or by both.

A person is criminally responsible for an offense committed by another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Mere presence alone will not constitute one party to an offense.

This charge did not permit the jury to find Cruz guilty on the basis of a failure to act.

■ Cruz argues that the prosecutor, in closing argument, led the jury to believe that Cruz was guilty for failing to stop the offense from occurring. In discussing Cruz's veracity as a witness, the prosecutor argued;

This man left Victor Pardo for dead, and he comes up to you, his lawyer comes up to you and says believe every word he said in his statement to the police. This is a man who left Victor Pardo for dead, he never even tried to get help for Victor Pardo, tried to stop his friends from doing anything to Victor Pardo, even according to his own statement.

Cruz waived any objection to this argument when he failed to object at trial. A defendant waives any impropriety in the prosecutor's argument if he fails to make a timely objection. *Romo v. State,* 631 S.W.2d 504 (Tex.Crim.App.1982).

Cruz's second point of error is overruled. The judgment of the trial court is affirmed.