IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

SEPTEMBER SESSION, 1995



**FILED**

**March 27, 2008**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

RONALD TURKS, a/k/a
ASAD E. MUJIHADEEN,

         Appellant,

v.

STATE OF TENNESSEE,

         Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 02C01-9502-CR-00035

Shelby County

Hon. John P. Colton, Jr., Judge

(Post-Conviction, Habeas Corpus, and Coram
Nobis)

---

For the Appellant:

Wayne Chastain
66 Monroe, Suite 804
Memphis, TN 38103

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
    and
Sharon S. Selby
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

John W. Pierotti, Jr.
District Attorney General
    and
Chris Craft
Assistant District Attorney General
201 Poplar Avenue
Memphis, TN 38103-1947

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

The petitioner, Ronald Turks, a/k/a Asad E. Mujihadeen, appeals as of right from the Shelby County Criminal Court which denied him post-conviction, habeas corpus and coram nobis relief from his 1979 first degree murder conviction and resulting life sentence. The trial court dismissed the petitioner's case because the post-conviction and coram nobis actions were barred by statutes of limitations and the habeas corpus action failed to state a ground for relief. The following issues are presented for review:

> (1) Can evidence tending to show actual innocence of the crime for which the petitioner has been convicted be the basis for post-conviction relief under Tennessee law?

> (2) Can evidence tending to show actual innocence of the crime for which the petitioner has been convicted be the basis for habeas corpus relief?

> (3) Does the one-year statute of limitations for bringing evidence of actual innocence under Tennessee's coram nobis statute violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution?

We affirm the trial court's dismissal of the petition.

The record reflects that the defendant was convicted in 1979 of felony murder and that his conviction and life sentence were affirmed on appeal to this court. Ronald Turks v. State, No. 35, Shelby County (Tenn. Crim. App. Mar. 27, 1980), app. denied on delayed app., (Tenn. Apr. 8, 1985) (concurring in results only). The petitioner's first post-conviction petition was filed in 1980 and dismissed in 1981 for failure to state a claim for relief. No appeal was taken. The petitioner was denied federal habeas corpus relief in September 1981. His second post-conviction petition was filed in October 1981 and dismissed in November 1981 on grounds of waiver and previous determination. No appeal was taken.

2

The petitioner filed a state habeas corpus petition in 1983 and the petition was treated as one for post-conviction relief and dismissed for waiver and previous determination. However, the case was reversed and remanded for the appointment of an attorney and a hearing. Ronald Turks, a/k/a Asad E. Mujihadeen v. State, No. 57, Shelby County (Tenn. Crim. App. Dec. 29, 1983). The trial court held an evidentiary hearing and then dismissed the petition. This court affirmed the dismissal of the petition but vacated and reentered the judgment that affirmed the petitioner's conviction on direct appeal in order that the petitioner could seek a delayed appeal to the supreme court. Ronald Turks v. State, No.27, Shelby County (Tenn. Crim. App. Jan. 16, 1985). In April 1985, the supreme court denied the petitioner's application to appeal, concurring in results only.

The present case began in March 1993 when the petitioner filed a pro se petition for post-conviction relief. Counsel was appointed and filed an amended petition that sought both post-conviction and habeas corpus relief on the ground that the petitioner's right to due process was violated because the trial court erroneously instructed the jury. The petition asserted that the trial court's instruction on malice violated Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450 (1979) and that the trial court's instruction on the elements of first degree murder allowed the jury to use the elements of premeditation and deliberation interchangeably. The petitioner also filed with the trial court an affidavit that was signed by Bert Eggleston, one of the petitioner's co-defendants. In the affidavit, Eggleston alleged that the petitioner did not shoot the victim and that he and the other codefendant had planned the robbery before they asked the petitioner to join them.

The trial court entered an order dismissing the petition on the grounds that the petition did not state grounds for habeas corpus relief and that the petitioner 's post-conviction claims were barred by the applicable statute of limitations, T.C.A. § 40-30-

3

102. Before the trial court's order became final, the petitioner filed a motion for the court to amend its order to include a ruling on whether Burford v. State, 845 S.W.2d 204 (Tenn. 1992), tolled the limitations period. The petitioner also filed a second amended petition. In addition to seeking post-conviction and habeas corpus relief, the second amended petition sought a writ of error coram nobis based upon the affidavit of Bert Eggleston. On August 12, 1994, the trial court entered an order denying the second petition because the coram nobis claim was untimely under T.C.A. § 27-7-201. The order also incorporated the earlier order that denied the petitioner habeas corpus and post-conviction relief.

I

In his first issue, the petitioner contends that he is entitled to post-conviction relief because the affidavit of Bert Eggleston is newly discovered evidence of his actual innocence. He couples his claim of actual innocence with allegations that his constitutional rights were violated when the trial court erroneously instructed the jury. Relying on Burford, he argues that the three-year limitation period in T.C.A. § 40-30-102[1] should not bar his claims for post-conviction relief because he did not discover the evidence of actual innocence until 1992 when Eggleston decided to tell the truth and because State v. Brown, 836 S.W.2d 530 (Tenn. 1992), was not decided until after the post-conviction statute of limitations had run. We disagree.

Initially, we note that we do not view the Bert Eggleston affidavit as evidence of the petitioner's innocence. In relevant part, the affidavit states:

> I Bert Eggleston . . . depose and say:
>
> 2. That Asad E. Mujihadeen did not shoot and kill the victim (Arnold Griggs) on the night of October 26, 1978;

---

[1] The limitation period for petitions filed on or after May 10, 1995, is one year. T.C.A. § 40-30-202.

4

3. That Mujihadeen at all times was sitting in the driver side of his automobile and was still in the car when I fled the scene;

4. That at no time did anyone contemplate, plan, or discuss killing the victim on the night of the crime, and that the plan to bump into the victim's car en route to the bank and grabbing the (assumed) money when he got out to assess the damage, was planned prior to asking Mujihadeen to join myself and the third co-defendant (Robert Sharp)[.]

Under then existing law, the petitioner was as liable as a principal for felony murder as long as he was a willing participant in the robbery that resulted in the murder. See T.C.A. §§ 39-109 (1975 Repl.), 39-2402 (1975 Repl.); Dupes, 209 Tenn. 506, 512, 354 SW.2d 453, 456 (Tenn. 1962). In fact, taken as true, the affidavit not only fails to establish that the defendant was not involved in the robbery, it does not negate his knowledge and aid in the killing. We note that the proof presented at the petitioner's trial showed that the codefendants traveled with him in his car to the scene of the robbery and that his his gun was the murder weapon. Thus, the petitioner is guilty of felony murder by aiding and abetting regardless of whether he was the triggerman or initiated the planning of the robbery. Eggleston's affidavit is neither proof of the petitioner's actual innocence nor proof of a constitutional violation that would make his conviction void or voidable so as to entitle him to post-conviction relief. See T.C.A. § 40-30-105 (1990 Repl.).

We also disagree with the petitioner's contentions regarding the timeliness of his claims for post-conviction relief. The petitioner contends that application of the three-year statute of limitations to his petition results in a denial of his right to due process. He argues that he should be entitled to post-conviction relief because the trial court erroneously instructed the jury in violation of Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450 (1979), and that the sufficiency of the evidence to support his conviction for first degree murder should be reexamined in light of the Tennessee Supreme Court's decision in State v. Brown, 836 S.W.2d 530 (Tenn. 1992). However,

5

the petitioner could have raised his Sandstrom issue before the statute of limitations even began to run in this case, see Sands, 903 S.W.2d 297, 302 (Tenn. 1995), and we have refused to apply Brown's holdings retroactively. See, e.g., Lofton v. State, 898 S.W. 2d 246, 250 (Tenn. Crim. App. 1994).

_____The record reflects that the petition for post-conviction relief was filed in the trial court on March 3, 1993. Because the petitioner was convicted before the enactment of T.C.A. § 40-30-102, the limitations period in this case started to run on July 1, 1986. Sands, 903 S.W.2d at 301; Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988). The petitioner failed to file his petition within three years of that date and presents no just cause for the tolling of the statute of limitations.

## II

In his next issue, the petitioner contends that the trial court erred by concluding that his petition failed to state grounds for habeas corpus relief. He argues that evidence of actual innocence should be a ground for habeas corpus relief in Tennessee. He also urges us to adopt developments in federal habeas corpus law which he claims allow a petitioner with evidence of actual innocence to bring an otherwise procedurally barred constitutional claim. See Schlup v. Delo, 115 S. Ct. 851 (1995). He argues that developments in federal habeas corpus law must necessarily be adopted in state cases because Article I, Section 8 of the Tennessee Constitution is synonymous with the due process provisions of the federal constitution. See State ex rel. Anglin v. Mitchell, 506 S.W.2d 224 (Tenn. 1980). We disagree with his procedural premise. We are not obligated to incorporate federal habeas corpus limits and law into our state habeas corpus procedure.

In this respect, as the petitioner acknowledges, the state remedy of habeas corpus relative to criminal convictions in Tennessee is limited in scope to void

judgments of conviction and expiration of terms of imprisonment. See Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290-91 (1964). Also, if the trial court rendering a judgment has jurisdiction of the person and the subject matter and has the authority to make the challenged judgment, the judgment of conviction is normally considered to be voidable, not void. Potts, 833 S.W.2d at 62. The petitioner has not alleged sufficient grounds that would make his conviction void. We agree with the trial court's conclusion that he failed to state any ground for habeas corpus relief.

### III

Next, the petitioner challenges the trial court's dismissal of his coram nobis claim. First, he argues that his claim should not be barred by the one-year limitations period that usually applies to such claims because it was not his fault that he failed to present the evidence at an earlier time. In support, he cites T.C.A. § 40-26-105, which, in relevant part, states:

> **Writ of error coram nobis.--** There is hereby made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith. Notice of the suing out of the writ shall be served on the district attorney general. . . . The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that he was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment had it been presented at the trial. . . .

(emphasis added). The petitioner argues that the language underlined above indicates that the legislature intended to exclude criminal cases from the one-year limitations period that applies to writs of error coram nobis in civil cases, see T.C.A. § 27-7-103, "[u]pon a showing by the defendant that he was without fault in failing to present certain

7

evidence at the proper time." We disagree. We do not view the statute of limitations as being inconsistent with the prerequisite that the defendant show that he was without fault in failing to present the evidence at the appropriate time. See Sands v. State, 903 S.W.2d at 299 (applying T.C.A. § 27-7-103 to bar a claim for coram nobis relief).

Secondly, the petitioner refers to constitutional principles of liberty, justice, due process and comity between state and federal courts to argue that his coram nobis claim should not be time-barred. However, in Herrera v. Collins, 113 S. Ct. 853 (1993), the Supreme Court upheld the application of a Texas rule that barred the defendant from presenting newly discovered evidence of actual innocence because he failed to raise the issue within thirty days from when his sentence was imposed. We likewise conclude that the petitioner's constitutional rights have not been violated by application of Tennessee's one-year limitation period.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
_____Joseph M. Tipton, Judge

CONCUR:

_____
Joe B. Jones, Presiding Judge

_____
John K. Byers, Special Judge