**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

2/23/15

**DORIAN E. RAMIREZ, CLERK**
**BY** DTello

ACCEPTED
13-14-00301-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
2/23/2015 3:21:34 PM
DORIAN RAMIREZ
CLERK

**IN THE COURT OF APPEALS**
**FOR THE THIRTEENTH DISTRICT OF TEXAS**
**Cause No.13-14-00301-CR**
**Cause No.13-14-00171-CR**
**Cause No.13-14-00172-CR**

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
2/23/2015 3:21:34 PM
DORIAN E. RAMIREZ
Clerk

**MICHAEL DAVID RAMIREZ**
**V.**
**STATE OF TEXAS**

On Direct Appeal from:
THE DISTRICT COURT OF
THE 445TH JUDICIAL DISTRICT IN
CAMERON COUNTY, TEXAS

CAUSE NO. 09-CR-2098-I
CAUSE NO. 2013-DCR-02246
CAUSE NO. 10-CR-2650-I

* * * * * * * * * *
APPELLANT'S BRIEF
* * * * * * * * * *

LARRY WARNER
Counsel for Michael Ramirez
COA No.13-14-00171-CR
3109 Banyan Circle
Harlingen, Tx 78550 7443
Phone (956) 454 4994
Tex.State Bar# 20871500
Usdc,Stdx# 1230
**office@larrywarner.com**
website: larrywarner.com
Member, Bar of the Supreme
Court of the United States
(1984); Board Certified,
Criminal Law, Texas Board of
Legal Specialization (1983)

**APPELLANT REQUESTS ORAL ARGUMENT,**
**PURSUANT TO TEX.R.APP.PROC.39.7**

*Pursuant to Tex.R.App.Proc.38.1(a),Appellant provides the following identity of parties and counsel:*

## PARTIES AND INTERESTED PERSONS

1.  Michael David Ramirez, Appellant.

2.  Hon. Julie Allen, State Bar No. 24055096, Assistant District Attorney, Cameron County Courthouse, 964 East Harrison, Brownsville, Texas 78520, Phone (956) 544-0849. PROSECUTING ATTORNEY AT TRIAL

3.  Hon. Carlos Martinez, State Bar No. 24081022, Assistant District Attorney, Cameron County Courthouse, 964 East Harrison, Brownsville, Texas 78520, Phone (956) 544-0849. PROSECUTING ATTORNEY AT TRIAL

4.  Hon. Gustavo Elizondo, State Bar No. 24086827, Assistant District Attorney, Cameron County Courthouse, 964 East Harrison, Brownsville, Texas 78520, Phone (956) 544-0849. PROSECUTING ATTORNEY AT TRIAL

5.  Hon. Luis V. Saenz, State Bar No. 17514880, District Attorney, District Attorney, Cameron County Courthouse, 964 East Harrison, Brownsville, Texas 78520, Phone (956) 544-0849. PROSECUTING ATTORNEY AT TRIAL AND ON APPEAL

6.  Hon. Jennifer Marie Avendano, State Bar No. 24052304, District Attorney, District Attorney, Cameron County Courthouse, 964 East Harrison, Brownsville, Texas 78520, Phone (956) 544-0849. PROSECUTING ATTORNEY ON APPEAL

7.  Hon. Alfredo Padilla, State Bar No. 15404600, Law Offices of Alfredo Padilla, 777 East Harrison St., 2nd Floor, Brownsville, Texas 78520, Phone (956) 544-7100

DEFENSE ATTORNEY AT TRIAL

8. HON. LARRY WARNER, State Bar No. 20871500, Law Office of Larry Warner, 3109 Banyan Circle, Harlingen, TX 78550. Phone (956) 230-0361. DEFENSE ATTORNEY ON APPEAL

*Pursuant to Tex.R.App.Proc.38.1(b,Appellant provides the following table of contents:*

## TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES................................2-3

TABLE OF CONTENTS.................................4-6

TABLE OF AUTHORITIES..............................7-9

STATEMENT OF CASE................................10-11

ISSUES PRESENTED................................12-14

1. Did egregious harm result from the following error in the instructions to the jury at guilt/innocence?

   EGREGIOUS HARM IN JURY INSTRUCTIONS?

   In order to return a verdict, each verdict (sic) must agree thereto, but jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement if it can be done without violence to individual judgment. Each juror must decide the case for himself but only after an impartial consideration of the evidence with his fellow jurors. (RR 7 17)

2. Did reversible error result from the Trial Judge's submitting theft as a lesser included offense of robbery over defense's timely and specific objections? (RR 7 11/5)

3. Did Egregious harm result from failure to instruct jury on what to do if they find that he is either guilty of robbery or of theft, but

INITIAL BRIEF - 4

they are not sure which, then find him guilty of theft? (RR 7 16)

4.   Is the following closing argument of the prosecutor one of "community expectations"?

"So what do we have to do now? You've got to send a message to the community that if you go into our property, our gated property -- Mr. Gaubatz told you it was closed -- if you go into our property, you disregard any sort of right for the victim." (RR 7 48)

5.   Did the following argument asking the jurors to take the place of the complaining witness deprive the defendant of a fair trial? U.S.CONST.amend.VI;TEX.CONST.art.I,sec.10

"Wouldn't you be in fear at 3:00 in the morning? The dog is barking, he gets up, he's scared. And what happened then? He sees somebody there. He sees an individual going onto his property. Think about how traumatic that was. Think about how traumatic that could have been for all the other victims that raised their hands during voir dire." (RR 7 48)

6.   Was the following harmless error beyond a reasonable doubt?

The prosecutor asked the jury to imagine what would have happened if the complaining witness had not simply stopped in his tracks instead of pursuing the defendant. (RR 7 51/18) Defense counsel objected that the argument was outside the record. (RR 7 51/21) The judge overruled the objection. (RR 7 52/1) The prosecutor

continued to ask the jury to imagine what might have happened. (RR 7 51-52)

7.  Was the trial court's bringing back the jury to the courtroom and responding orally, rather than in writing, to their request for evidence fundamental error? TEX.CODE CRIM.P.art.36.27 Did counsel's inquiry constitute an objection? Was any error harmless beyond a reasonable doubt?

STATEMENT OF FACTS...............................15-17

SUMMARY OF ARGUMENT..............................18-23

ARGUMENT........................................24-38

CONCLUSION AND REQUEST FOR RELIEF...................39

CERTIFICATE OF SERVICE.............................40

CERTIFICATE OF COMPLIANCE..........................40

*Pursuant to Tex.R.App.Proc.38.1(c),Appellant provides the following index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited:*

## INDEX OF AUTHORITIES

CASES                                                    PAGES

**Brown v. Board of Education of Topeka, Kansas**, 347 U.S. 483 (1954) . . . . . . . . . . . . . . . . . . . . . 26
   The Court of Criminal Appeals adopted and rejected factual sufficiency review of the evidence.

**Brooks v. State**,323S.W.3d893(Tex.Crim.App.2010) . .   26
   The Court of Criminal Appeals changed its mind, twice, in adopting and then, twenty years later, rejecting factual sufficiency review of the evidence

**Chandler v. State**,689 S.W.332,334hn4(Tex.App.–Fort Worth1985,pet.ref'd) . . . . . . . . . . . . . . . . 33
   "It is improper in argument for a prosecutor to ask members of the jury to place themselves in the shoes of the victim."

**Cosio v. State**,353 S.W.3d766(Tex.Crim.App.2011) .  24,25
   Failing to instruct the jury that they must return a unanimous verdict is fundamental error.

**Day v. State**,No. 2-06-005-CR(Tex.App.–Fort Worth May 17, 2007) 2007 WL1441078 at*2fn7 . . . . . . . . . 24
   "Jury verdicts in criminal cases must be unanimous."

**Francis v. State**, 36 S.W.3d 121, 126 (Tex.Crim.App. 2000) . . . . . . . . . . . . . . . . . . . . . . . . 24
   "Jury verdicts in criminal cases must be unanimous."

**Fuentes v. State**, 991S.W.2d267, 274hn16(Tex.Crim.App. 1999) . . . . . . . . . . . . . . . . . . . . . . . 28,29
   "If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of either capital murder or aggravated robbery, but you have a reasonable doubt as to which of said offenses he is guilty, then you must resolve that

doubt in the defendant's favor and find him guilty of the lesser offense of aggravated robbery.

**In re Committment of Hill**,334 S.W.3d236(Tex.Sup.2011) . . . . . . . . . . . . . . . . . . . . . . . . . . 35,36
A party preserved error by asking a specific and proper question, stating the basis on which it sought to ask that question, and obtaining an adverse ruling from the trial court.

**In re Winship**,397U.S.358(1958) . . . . . . . . . . 29
Giving instruction on giving the defendant the benefit of the doubt if the jury was unsure of which offense he was guilty, implicates his right to proof beyond a reasonable doubt.

**Lawrence v. State**,240 S.W.3d 912,917 hn12 fn24(Tex. Crim.App.2007) . . . . . . . . . . . . . . . . . . . 32,33
"Numerous decisions of other appellate courts, including Texas courts of appeals and courts of other jurisdictions, are in accord with our holdings...."

**Ngo v.State**,175 S.W.3d 738(Tex.Crim.App.En Banc 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 24,25
Failing to instruct the jury that they must return a unanimous verdict is fundamental error.

**People v. Davis**, 7 Cal.4th 797, 30 Cal.Rptr.2d 50, 872 P.2d 591, 598-99 (1994) . . . . . . . . . . . . . . . . 33
Texas appellate courts have relied on decisions of California courts.

**People v. Vance**, 116 Cal.Rptr.3d 98,102hn1(2010) . 33
"We conclude that the prosecutor made a sustained Golden Rule closing argument so blatant that it alone requires reversal."

**Plessy v. Ferguson**,163 U.S.537(1896) . . . . . . 25,26
Counsel may advocate for a position taken by a minority of Judges.

**Rushing v. State**,50 S.W.3d 715,742hn42(Tex.App.-Waco 2001,pet.ref'd) . . . . . . . . . . . . . . . . . . . 29,30
"Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge."

**Sanders v. State**,664S.W.2d705,710(Tex.Crim.App.1982)

. . . . . . . . . . . . . . . . . . . . . . . . . 25,26
    An offense that must be submitted as lesser
    included if requested by the accused, may not be
    submitted at behest of the State over a defense
    objection.
**Thomas v. State**, 578 S.W.2d 691,695(Tex.Crim.App.1979)
. . . . . . . . . . . . . . . . . . . . . . . . . . 33,34
    There was an instruction to disregard in Ramirez.
    It was ineffective to cure the harm done.


**CONSTITUTIONS & CODES:**
TEX.CODE CRIM.P.art.36.27 . . .   6,14,17,22,24,29,35,37
TEX.CONST.art.I,sec.10  . . . . . . . . . 5,13,16,21,30
Tex.Const.art.V,§13 . . . . . . . . . . . . . . . . . 24
U.S.CONST.amend.VI  . . . . . . . . . . . 5,13,16,21,30


**OTHER:**
*Criminal Law News* November 1, 2010 27 No. 22 West's
Criminal Law News 29  . . . . . . . . . . . . . . 31,32

*Pursuant to Tex.R.App.P.38.1(a), Appellant provides the following statement of the case, stating concisely the nature of the case, the course of the proceedings, and the trial court's disposition of the case:*

### STATEMENT OF THE CASE

The defendant was charged by indictment with robbery.(CR4;42)

He pleaded not guilty and tried the case to the jury.(CR42)

The defendant rested without presenting any evidence; the defendant did not testify.

"MR. PADILLA: We rest, Your Honor."

(RRvol.7,p.4,line11) (subsequently RR 4,7/11)

The jury found him guilty of robbery.(CR42)

He had elected to have the judge impose punishment.(CR42)

The judge imposed a sentence of six years' imprisonment, no probation.(CR42)

The judge held a hearing on motions to revoke prior probations.

"Plea of Not True on MTR's 32 9
13 Defendant sentenced in 2013-DCR-2246 33 9
14 Defendant Sentenced on MTR's 34 9" (RR 9 3)

INITIAL BRIEF - 10

The judge plainly considered the evidence at the jury trial in determining the motions to revoke. He revoked the two prior probations, sentenced the defendant to six years confinement on each of the two prior probations, and ran the two sixes on the probation revocations concurrently with the six for the weedeater robbery.

> "I am to going find the
> allegations in the Motions to Revoke to be true, and find
> you guilty of the offenses stated therein, and I'm going
> to sentence you to six years TDC in each of those cases,
> but it is to run concurrent with the 2013 case." (RR9 34/21-25)

Defendant gave timely notice of appeal to this Court of Appeals.(CR 46)

*Pursuant to Tex.R.App.Proc.38.1(e), Appellant presents this statement of issues presented:*

## ISSUES PRESENTED

1.  Did egregious harm result from the following error in the instructions to the jury at guilt/innocence?

    EGREGIOUS HARM IN JURY INSTRUCTIONS?

In order to return a verdict, each verdict (sic) must agree thereto, but jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement if it can be done without violence to individual judgment. Each juror must decide the case for himself but only after an impartial consideration of the evidence with his fellow jurors. (RR 7 17)

2.  Did reversible error result from the Trial Judge's submitting theft as a lesser included offense of robbery over defense's timely and specific objections? RR7 11/5

3.  Did Egregious harm result from failure to instruct jury on what to do if they find that he is either guilty of robbery or of theft, but they are not sure which, then find him guilty of theft? RR 7 16

4.  Is the following closing argument of the prosecutor one of "community expectations"?

> "So what do we have to do now? You've got to send a message to the community that if you go into our property, our gated property -- Mr. Gaubatz told you it was closed -- if you go into our property, you disregard any sort of right for the victim." (RR 7 48)

5. Did the following argument asking the jurors to take the place of the complaining witness deprive the defendant of a fair trial? U.S.CONST.amend.VI;TEX.CONST.art.I,sec.10

> "Wouldn't you be in fear at 3:00 in the morning? The dog is barking, he gets up, he's scared. And what happened then? He sees somebody there. He sees an individual going onto his property. Think about how traumatic that was. Think about how traumatic that could have been for all the other victims that raised their hands during voir dire." (RR 7 48)

6. Was the following harmless error beyond a reasonable doubt?

The prosecutor asked the jury to imagine what would have happened if the complaining witness had not simply stopped in his tracks instead of pursuing the defendant. (RR 7 51/18) Defense counsel objected that the argument was outside the record. (RR 7 51/21) The judge overruled the objection. (RR 7 52/1) The

prosecutor continued to ask the jury to imagine what
might have happened. (RR 7 51-52)

    7.   Was the trial court's bringing back the jury to the courtroom and responding orally, rather than in writing, to their request for evidence fundamental error? TEX.CODE CRIM.P.art.36.27 Did counsel's inquiry constitute an objection? Was any error harmless beyond a reasonable doubt?

*Pursuant to Tex.R.App.Proc.38.1(f), Appellant provides the following statement of facts stating concisely without argument the facts pertinent to the issues of points presented:*

### STATEMENT OF FACTS

1. Did egregious harm result from the following error in the instructions to the jury at guilt/innocence?

### EGREGIOUS HARM IN JURY INSTRUCTIONS?

In order to return a verdict, each verdict (sic) must agree thereto, but jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement if it can be done without violence to individual judgment. Each juror must decide the case for himself but only after an impartial consideration of the evidence with his fellow jurors. (RR 7 17)

2. Did reversible error result from the Trial Judge's submitting theft as a lesser included offense of robbery over defense's timely and specific objections? RR7 11/5

3. Did Egregious harm result from failure to instruct jury on what to do if they find that he is either guilty of robbery or of theft, but they are not sure which, then find him guilty of theft? (RR 7 16)

4.  Is the following closing argument of the prosecutor one of "community expectations"?

> "So what do we have to do now? You've got to send a message to the community that if you go into our property, our gated property -- Mr. Gaubatz told you it was closed -- if you go into our property, you disregard any sort of right for the victim." (RR 7 48)

5.  Did the following argument asking the jurors to take the place of the complaining witness deprive the defendant of a fair trial? U.S.CONST.amend.VI;TEX.CONST.art.I,sec.10

> "Wouldn't you be in fear at 3:00 in the morning? The dog is barking, he gets up, he's scared. And what happened then? He sees somebody there. He sees an individual going onto his property. Think about how traumatic that was. Think about how traumatic that could have been for all the other victims that raised their hands during voir dire." (RR 7 48)

6.  Was the following harmless error beyond a reasonable doubt?

The prosecutor asked the jury to imagine what would have happened if the complaining witness had not simply stopped in his tracks instead of pursuing the defendant. (RR 7 51/18) Defense counsel objected that the argument was outside the record. (RR 7 51/21) The

judge overruled the objection. (RR 7 52/1) The

prosecutor continued to ask the jury to imagine what

might have happened. (RR 7 51-52)

7.   Was the trial court's bringing back the jury to
     the courtroom and responding orally, rather
     than in writing, to their request for evidence
     fundamental error? TEX.CODE CRIM.P.art.36.27
     Did counsel's inquiry constitute an objection?
     Was any error harmless beyond a reasonable
     doubt?

*Pursuant to Tex. R. App. Proc. 38.1(g), Appellant provides the following summary of the argument which he hopes the Court will find to be a succinct and accurate statement of the argument made in the body of the brief not merely a repetition of the issues or points presented for review:*

### SUMMARY OF ARGUMENT

1. Did egregious harm result from the following error in the instructions to the jury at guilt/innocence?

> "In order to return a verdict, each verdict (sic) must agree thereto, but jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement if it can be done without violence to individual judgment. Each juror must decide the case for himself but only after an impartial consideration of the evidence with his fellow jurors." (RR 7 17)

Jury verdicts in criminal cases must be unanimous. The Judge has a duty to instruct the jury on the law applicable to the case. Failing to instruct the jury that they must return a unanimous verdict is fundamental error. The jury asked for evidence, but the Judge could not give it to them. Their having rendered a verdict does not make the error in the instructions moot.

2.  Did reversible error result from the Trial Judge's submitting theft as a lesser included offense of robbery over defense's timely and specific objections? (RR 7 11/5)

There was no evidence that the defendant was only guilty of theft. That defendant was not convicted of theft does not obviate the error in submitting theft. The error is not harmless beyond a reasonable doubt because submitting the theft as well as the robbery made it more likely that the jury would convict the defendant of robbery.

3.  Did Egregious harm result from failure to instruct jury on what to do if they find that he is either guilty of robbery or of theft, but they are not sure which, then find him guilty of theft? (RR 7 16)

> Failure to instruct jury on what to do if they find that he is either guilty of robbery or of theft, but they are not sure which, then find him guilty of theft is fundamental error. (RR 7 16)

The Judge has a duty to instruct the jury on the law applicable to the case. The error is not harmless beyond a reasonable doubt because the instructions are fundamentally incomplete.  They do not tell the jury

what to do if they are not sure of which offense the defendant is guilty.

The indictment charged robbery. Theft is a lesser, as a matter of law. The defense argued that Appellant was only guilty of theft, that the Complaining Witness had come up with the threats and fear statement after the Harlingen Police did not devote any effort to theft of a weedeater case. The defense argument was based on the evidence that the Complaining Witness did not maintain that he felt threatened at first, that the HPD did nothing on the theft of the weedeater case until the CW maintained that he felt threatened, turning theft into robbery. The instructions as a whole submit robbery and submit theft.

    4.  Is the following closing argument of the prosecutor one of "community expectations"?

> "So what do we have to do now? You've got to send a message to the community that if you go into our property, our gated property -- Mr. Gaubatz told you it was closed -- if you go into our property, you disregard any sort of right for the victim." (RR 7 48)

Saying "Send a message" is akin to "the community expects".

> 5. Did the following argument asking the jurors to take the place of the complaining witness deprive the defendant of a fair trial? U.S.CONST.amend.VI;TEX.CONST.art.I,sec.10

> > "Wouldn't you be in fear at 3:00 in the morning? The dog is barking, he gets up, he's scared. And what happened then? He sees somebody there. He sees an individual going onto his property. Think about how traumatic that was. Think about how traumatic that could have been for all the other victims that raised their hands during voir dire." (RR 7 48)

It did deprive the defendant of a fair trial. The verdict is supposed to be based on the evidence, not on taking the place of the victim, the complaining witness. Asking the jurors to take the place of the victim called for a verdict based on inflamed passions, rather than one based on reason and the evidence.

> 6. Was the following harmless error beyond a reasonable doubt?

The prosecutor asked the jury to imagine what would have happened if the complaining witness had not simply stopped in his tracks instead of pursuing the

defendant. (RR 7 51/18) Defense counsel objected that the argument was outside the record. (RR 7 51/21) The judge overruled the objection. (RR 7 52/1) The prosecutor continued to ask the jury to imagine what might have happened. (RR 7 51-52)

The argument was erroneous because it was outside the record. It was harmful because it called upon the jury to rely upon matters outside the record in reaching their verdict. It was harmful because it called upon the jury to speculate on what might have happened instead of basing their verdict on the evidence. It was not harmful beyond a reasonable doubt because it called upon the jury to violate the court's instructions to base its verdict on the evidence.  It inflamed the passions of the jury and prompted a verdict based on speculation and emotion rather than reason.

7.   Was the trial court's bringing back the jury to the courtroom and responding orally, rather than in writing, to their request for evidence fundamental error? TEX.CODE CRIM.P.art.36.27 Did counsel's inquiry constitute an objection? Was any error harmless beyond a reasonable doubt?

Counsel's inquiry was an objection. The Court's action amounted to overruling the objection. The error was fundamental because the statute requires a written response to the jury, not an oral one. Calling the jury into the courtroom tends to emphasize the instruction given in the courtroom and to deëmphasize the written instructions.

*Pursuant to Tex. R. App. Proc. 38.1(h), Appellant provides the following argument or the contentions made, with appropriate citations to the authorities and to the record:*

### *ARGUMENT*

1. Did egregious harm result from the following error in the instructions to the jury at guilt/innocence?

Egregious harm did result from this instruction:

> "In order to return a verdict, each verdict (sic) must agree thereto, but jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement if it can be done without violence to individual judgment. Each juror must decide the case for himself but only after an impartial consideration of the evidence with his fellow jurors." (RR 7 17)

"Jury verdicts in criminal cases must be unanimous."

**Day v. State**,No. 2-06-005-CR(Tex.App.–Fort Worth May 17, 2007)(not selected for publication)2007WL1441078at*2fn7

See: TEX.CONST.art.V,§13; **Francis v. State**, 36 S.W.3d 121, 126 (Tex.Crim.App.2000). The Judge has a duty to instruct the jury on the law applicable to the case. TEX.CODE CRIM.P.art.36.14 Failing to instruct the jury that they must return a unanimous verdict is fundamental

error. **Ngo v.State**,175 S.W.3d 738(Tex.Crim.App.En Banc 2005) **Cosio v. State**,353 S.W.3d766(Tex.Crim.App.2011)

   2. Did reversible error result from the Trial Judge's submitting theft as a lesser included offense of robbery over defense's timely and specific objections? RR7 11/5

There was no evidence that the defendant was only guilty of theft. That defendant was not convicted of theft does not obviate the error in submitting theft. The error is not harmless beyond a reasonable doubt because submitting the theft as well as the robbery made it more likely that the jury would convict the defendant of robbery.

Three Judges of the Court of Criminal Appeals of Texas noted that the status of the law was: "an offense that must be submitted as lesser included if requested by the accused, may not be submitted at behest of the State over a defense objection!" **Sanders v. State**,664S.W.2d705,710(Tex.Crim.App.1982)(Clinton,J.dissent) Counsel may advocate for a position taken by a minority of Judges. That sort of advocacy is what

happened to **Plessy v. Ferguson,**163 U.S.537(1896) when **Brown v. Board of Education of Topeka, Kansas,** 347U.S.483(1954) was argued, successfully. That is what happened when the Court of Criminal Appeals changed its mind, twice, in adopting and then, twenty years later, rejecting factual sufficiency review of the evidence. **Brooks v. State**,323S.W.3d893(Tex.Crim.App.2010)

The sequence in **Sanders** is what happened here. The defendant was indicted for robbery. The state wanted to submit theft as a lesser. The defendant objected, the Trial Court overruled the objection. (RR 7 11/5)

Harm resulted. Theft was not mentioned in the indictment. Of course it is true that robbery is assault plus theft. But there was no evidence that the defendant, if guilty of anything, was only guilty of misdemeanor theft. The jurors must have thought that since there were two charges, robbery and theft, and theft was not even mentioned in the indictment, then he must be guilty of one or the other.

The Court of Appeals should find error, find that harm did result, and find that the error was not harmless beyond a reasonable doubt.

3. Did Egregious harm result from failure to instruct jury on what to do if they find that he is either guilty of robbery or of theft, but they are not sure which, then find him guilty of theft? (RR 7 16)

Failure to instruct jury on what to do if they find that he is either guilty of robbery or of theft, but they are not sure which, then find him guilty of theft is fundamental error. (RR 7 16)

The Judge has a duty to instruct the jury on the law applicable to the case. The error is not harmless beyond a reasonable doubt because the instructions are fundamentally incomplete. They do not tell the jury what to do if they are not sure of which offense the defendant is guilty.

The indictment charged robbery. Theft is a lesser, as a matter of law. The defense argued that Appellant was only guilty of theft, that the Complaining Witness had

come up with the threats and fear statement after the Harlingen Police did not devote any effort to theft of a weedeater case. The defense argument was based on the evidence that the Complaining Witness did not maintain that he felt threatened at first, that the HPD did nothing on the theft of the weedeater case until the CW maintained that he felt threatened, turning theft into robbery. The instructions as a whole submit robbery and submit theft.

> "It wasn't only until they went in and the Judge gave them his advice that he thought they should treat it as a robbery, then they decided at that point to make it -- to make it into a robbery but originally it was a theft. And what did the Harlingen Police Department do in investigating this case? Absolutely nothing. Absolutely nothing." (RR 7 34/1-7)

Typically, the trial judge gives an instruction like this one when there are two offenses of which the defendant might be convicted:

> "If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of either capital murder or aggravated robbery, but you have a reasonable doubt as to which of said offenses he is guilty, then you must resolve that doubt in the defendant's favor and find him guilty of the lesser offense of aggravated

r o b b e r y . ” **F u e n t e s v .**
**State**,991S.W.2d267,274hn16(Tex.Crim.App.1999)

Giving that instruction on giving the defendant the benefit of the doubt if the jury were unsure of which offense he was guilty, implicates both his right to proof beyond a reasonable doubt, **In re Winship**,397U.S.358(1958), and to have the Judge instruct the jury on the law applicable to the case. TEX.CODE CRIM.P.art.36.14

Harm resulted, since theft of an $80 weedeater is "a class B misdemeanor",TEX.PEN.CODE §31.03(e)(2)(A)(i), while robbery without a deadly weapon is a "felony of the second degree" TEX.PEN.CODE.§29.03(b)

It is reversible error not to give such an instruction if there is some evidence that the defendant is guilty of the lesser-included offense:

> "If there is some evidence that if a defendant is guilty, he is guilty only of a lesser-included offense, then the defendant is entitled to have the jury instructed that it may find the defendant guilty only of the lesser-included offense. Wesbrook v. State, 29 S.W.3d 103, 113 (Tex.Crim.App.2000), cert. denied, 532 U.S. 944, 121 S.Ct. 1407, 149

L.Ed.2d 349 (2001). "The evidence must establish the lesser-included offense as a valid rational alternative to the charged offense." Id. (citing Rousseau v. State, 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993)). "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." **Bignall v. State**, 887 S.W.2d 21, 23 (Tex.Crim.App.1994)." **Rushing v. State**,50 S.W.3d 715,742hn42(Tex.App.–Waco 2001,pet.ref'd) [internal quotations unchanged]

The Court of Appeals should find egregious harm, should find that the error is not harmless beyond a reasonable doubt, and should require a new trial.

5.  Did the following argument asking the jurors to take the place of the complaining witness deprive the defendant of a fair trial? U.S.CONST.amend.VI;TEX.CONST.art.I,sec.10

> "Wouldn't you be in fear at 3:00 in the morning? The dog is barking, he gets up, he's scared. And what happened then? He sees somebody there. He sees an individual going onto his property. Think about how traumatic that was. Think about how traumatic that could have been for all the other victims that raised their hands during voir dire." (RR 7 48)

It did deprive the defendant of a fair trial. The verdict is supposed to be based on the evidence, not on taking the place of the victim, the complaining witness.

Asking the jurors to take the place of the victim called for a verdict based on inflamed passions, rather than one based on reason and the evidence.

The prosecutor's "golden rule" argument, asking the jury to put itself in the victim's shoes" required reversal of a murder conviction. *Criminal Law News* November 1, 2010 27 No. 22 West's Criminal Law News 29 That is precisely what the prosecutor's argument did at the weedeater trial.

6. Was the following harmless error beyond a reasonable doubt?

The prosecutor asked the jury to imagine what would have happened if the complaining witness had not simply stopped in his tracks instead of pursuing the defendant. (RR 7 51/18) Defense counsel objected that the argument was outside the record. (RR 7 51/21) The judge overruled the objection. (RR 7 52/1) The prosecutor continued to ask the jury to imagine what might have happened. (RR 7 51-52)

The argument was erroneous because it was indeed outside the record. It was harmful because it called upon the jury to rely upon matters outside the record in reaching their verdict. It was harmful because it called upon the jury to speculate on what might have happened instead of basing their verdict on the evidence. It was not harmful beyond a reasonable doubt because it called upon the jury to violate the court's instructions to base its verdict on the evidence. It inflamed the passions of the jury and prompted a verdict based on speculation and emotion rather than reason.

In a trial on the issue of the defendant's guilt of murder, the prosecutor committed misconduct by making an improper "Golden Rule" argument inviting the jury to put itself in the victim's position. *Criminal Law News* November 1, 2010 27 No. 22 West's Criminal Law News 29

The Court of Appeals may consider the opinions and decisions of Courts of other jurisdictions. Texas appellate Courts have relied on opinions of California appellate courts before. The Court of Criminal Appeals may rely upon opinions of other jurisdictions. "Numerous

decisions of other appellate courts, including Texas courts of appeals and courts of other jurisdictions, are in accord with our holdings...."**Lawrence v. State**,240 S.W.3d 912,917 hn12 fn24(Tex.Crim.App.2007) Texas appellate courts have relied on decisions of California courts: **People v. Davis**, 7 Cal.4th 797, 30 Cal.Rptr.2d 50, 872 P.2d 591, 598-99 (1994)

> "We conclude that the prosecutor made a sustained Golden Rule closing argument so blatant that it alone requires reversal." **People v. Vance**, 116 Cal.Rptr.3d 98,102hn1(2010)

Texas' Second Court of Appeals did note that a "Golden Rule" argument is improper.

> "It is improper in argument for a prosecutor to ask members of the jury to place themselves in the shoes of the victim. *335 **United States v. Cook**, 592 F.2d 877 (5th Cir.1979)"
> - **Chandler v. State**,689 S.W.332,334hn4(Tex.App.-Fort Worth1985,pet.ref'd)

There was an instruction to disregard in Ramirez. It was ineffective to cure the harm done. **Thomas v. State**, 578 S.W.2d 691,695(Tex.Crim.App.1979). An instruction to disregard is ineffective when "the remarks are so inflammatory that their prejudicial effect cannot

reasonably be removed by such an admonition." **Thomas v. State**,578 S.W.2d 691,695(Tex.Crim.App.1979).

The instruction to disregard was ineffective because of the prosecutor's portrayal of the complaining witness as a poor old man who was assaulted in his home by one who even struck the old man's dog, and further that the old man could not get any help from the police.

> "Mr. Ramirez escalates the situation. From just the taking of a weedeater and a brief confrontation with Mr. Gaubatz, he escalates it to a threat. He puts his hand behind his back, and again pardon me for my language but this is what was said. He puts his hand behind his back and he looks at Mr. Gaubatz directly in the eyes and he says, "It's not worth it, I'll fuck you up," intending to get him to back off so that he can take off with that weedeater. He didn't want to drop it. He'd been asked to put it down, to leave it. He wasn't going to. He was trying to get out of there with that weedeater and he was trying to scare Mr. Gaubatz into stopping, to not coming out. You heard, Mr. Gaubatz told us that his dog got a hold of Mr. Ramirez. Mr. Ramirez hit his dog with the weedeater in his hands, got into his truck, into his white Jeep Liberty, and drove off." (RR 7 24)

So, when the prosecutor asked the jurors to take the place of the complaining witness, a person in that situation would be faced with one who had been threatened

verbally and who was confronted by another whose additional threat was veiled...a hand behind his back. The Judge's instruction to disregard could not have cured the effect of asking a jury to imagine being accosted by a robber.

The Court of Appeals should require a new trial.

7.  Was the trial court's bringing back the jury to the courtroom and responding orally, rather than in writing, to their request for evidence fundamental error? TEX.CODE CRIM.P.art.36.27 Did counsel's inquiry constitute an objection? Was any error harmless beyond a reasonable doubt?

Counsel's inquiry was an objection. The Court's action amounted to overruling the objection. The error was fundamental because the statute requires a written response to the jury, not an oral one. Calling the jury into the courtroom tends to emphasize the instruction given in the courtroom and to deëmphasize the written instructions.

Counsel's inquiry was an objection.

> "A party preserves error by a timely request that makes clear—by words or context—the grounds for the request and by obtaining a ruling on that request, whether express or implicit. TEX. R. APP. P. 33.1. Thus, in Babcock, we held that

a party preserved error by asking a specific and proper question, stating the basis on which it sought to ask that question, and obtaining an adverse ruling from the trial court. 767 S.W.2d at 708." **In re Committment of Hill**,334 S.W.3d236(Tex.Sup.2011)

The interaction between counsel and the Court in Ramirez was more subtle, but the result was the same. It was obvious that Counsel did not agree with bringing the jury back into the courtroom to answer their note.

> "The Court has received a note through the bailiff obviously at 11:07 a.m. It reads as follows,
>> "Need copy of police report to read, need copy of victim affidavit to read,"
> and it's signed by the presiding juror. (RR 7 54/1-5)
> ***

Defense counsel at trial made it clear that he objected to bringing the jury back into the courtroom to be instructed *instead of giving them a written instruction.*

> "THE COURT: I'll tell you what, why don't we bring them -- let's start making arrangements so we can bring them in.
> MR. PADILLA: For what purpose, Judge? You're going to give them a written answer and response?
> That'll probably be faster than bringing them in, Judge.

THE COURT: I'm thinking now the verbal admonishment will be faster, but --
MR. PADILLA: Well, there is a record, but -- you know, what happens in the past, Judge, and I know this Court has a lot of experience in trying cases, but they'll start nitpicking different items, you know, so --
THE COURT: That's fine. We'll just --
MR. PADILLA: They won't ask for any other evidence that was not introduced once you give them that written instruction.
THE COURT: We'll just -- all right. Let's bring them in. (Jury enters courtroom.)" (RR 7 55/4-23)

The trial court plainly overruled the objection that the instruction be in writing by saying:

> "THE COURT: We'll just -- all right. Let's bring them in. (Jury enters courtroom.)" (RR 7 55/4-23)

Defense counsel at trial pointed out the harm of not complying with the plain words of the statute and the positive effects of complying with the Rule.

> "but they'll start nitpicking different items, you know, so --
> ***
> MR. PADILLA: They won't ask for any other evidence that was not introduced once you give them that written instruction." (RR 7 55/4-23)

The Court of Appeals should not be seduced by the Sophist's characterization of TEX.CODE CRIM.P.art.36.27

as "not a mandatory statute." Why bother with statutes,

then?  Shall the Legislature now designate each statute

as "mandatory", just as it declares every enactment an

emergency?  This is the "children's law" one speaking

from the Judgment Seat rejected. Julius Caesar,

*Pursuant to Tex. R. App. Proc. 38.1(I), Appellant provides a short conclusion that clearly states the nature of the relief sought:*

## CONCLUSION AND REQUEST FOR RELIEF

For the failure of proof, the Court of Appeals should acquit the Appellant.

Failing an acquittal, the Court of Appeals should remand for a new trial.

RESPECTFULLY SUBMITTED
February 23, 2015.

/s/Larry Warner
Larry Warner,
Counsel for Michael Ramirez
COA No.13-14-00171-CR
3109 Banyan Circle
Harlingen, Tx 78550 7443
Phone (956) 454 4994
Tex.State Bar# 20871500
Usdc,Stdx# 1230
**office@larrywarner.com**
website: larrywarner.com
Member, Bar of the Supreme Court of the United States (1984); Board Certified, Criminal Law, Texas Board of Legal Specialization (1983)

### *CERTIFICATE OF SERVICE*

I certify that I had delivered a copy of the foregoing APPELLANT'S INITIAL BRIEF via fax to the following counsel of record on this 23RD day of February, 2015 to the District Attorney's office at 964 E. Harrison Street, 2nd Floor, Brownsville, Texas 78520. Fax: 1-956-544-0869.

Respectfully Submitted,
February 23, 2015.

*/s/Larry Warner*
Larry Warner,
Counsel for Appellant

### Certificate Of Compliance

I certify that this brief complies with TEX.R.APP.9(i) (2)(B) and was prepared using WordPerfect X3, font in Courier New 14pt. And contains 4254 words as counted by the WordCount Tool of this software program.

Respectfully Submitted,
February 23, 2015.

*/s/Larry Warner*
Larry Warner,
Counsel for Appellant